IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| BASILLO GARCIA        TDCJ-CID #598955 | § § | |
| v. | § § | C.A. NO. C-12-249 |
| JAMES HACKMAN | § § | |

## OPINION DISMISSING CERTAIN CLAIMS AND RETAINING ACTION

This case was filed as a civil rights action by a state prisoner pursuant to 42 U.S.C. § 1983.

Pursuant to the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996), any prisoner action brought under federal law must be dismissed if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. See 42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2), 1915A. Plaintiff's action is subject to screening regardless whether he prepays the entire filing fee, or proceeds as a pauper. Ruiz v. United States, 160 F.3d 273, 274 (5th Cir. 1998) (per curiam); Martin v. Scott, 156 F.3d 578, 580 (5th Cir. 1998) (per curiam). Plaintiff's *pro se* complaint must be read indulgently, Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam), and his allegations must be accepted as true, unless they are clearly irrational or wholly incredible, Denton v. Hernandez, 504 U.S. 25, 33 (1992).

Applying these standards, plaintiff's retaliation claim against Officer James Hackman is retained, and service shall be ordered on this defendant. Plaintiff's remaining claims are dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B), 1915A(B)(1).

## I. JURISDICTION

The Court has federal question jurisdiction over this civil rights action pursuant to 28 U.S.C. § 1331. Upon consent of the plaintiff, (D.E. 8), this case was reassigned to a United States Magistrate Judge to conduct all further proceedings, including entry of final judgment. (D.E. 10); see also 28 U.S.C. § 636(c).

## II. BACKGROUND FACTS AND PLAINTIFF'S ALLEGATIONS

Plaintiff is a prisoner in the Texas Department of Criminal Justice, Correctional Institutions Division, and is currently confined at the McConnell Unit in Beeville, Texas. He filed his original complaint on July 27, 2012 and named Officer James Hackman as the single defendant. (D.E. 1).

A Spears[1] hearing was held on September 5, 2012. The following allegations were made in plaintiff's original complaint, (D.E. 1), or at the hearing.

In May 2010, plaintiff was suspended from the McConnell Unit craft shop by Officer Hackman and Warden Crites.[2] In November 2010, he was allowed to return to the craft shop. He began working on several items including a wooden frame that included a painting of the Virgin Mary and a metal engraved plate. Officer Hackman frequently visited the craft shop and would ask plaintiff when certain items would be ready to mail out.

On March 8, 2011, Warden Guterrez and Officer Hackman called plaintiff to the Warden's office and advised him that his craft shop privileges were being terminated, ostensibly

---

[1] Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985); see also Eason v. Holt, 73 F.3d 600, 603 (5th Cir. 1996) (stating that testimony given at a Spears hearing is incorporated into the pleadings).

[2] Plaintiff's challenge to the May 2010 suspension was the basis for a previous lawsuit, Garcia v. Hackman, No. C-10-311, in which he sued Warden Crites and Officer Hackman alleging that the suspension was motivated by retaliation. The action was tried before a jury in February 2012. The jury found that Officer Hackman's actions were unreasonable, but that plaintiff was not entitled to monetary damages from either defendant.

because the wooden frame had been worked on by two other offenders in violation of the craft shop policy. Plaintiff tried to explain that the other inmates had provided minimal assistance: painting only a few details and engraving the metal plate. He argued that other offenders routinely help each other and that it was unfair to single him out. Warden Guterrez told plaintiff that because he was sick and tired of plaintiff and his family complaining and filing lawsuits, he would let Officer Hackman expel him from the craft shop. On March 14, 2011, plaintiff was administratively removed from the craft shop.

On March 17, 2011, Officer Hackman gave plaintiff a disciplinary case, Number 2011129401, for "unauthorized commodity exchange." He was found guilty, and his grievance challenging the case was denied. He did not file a habeas petition challenging this disciplinary proceeding.

On March 21, 2011, Officer Hackman sent a memorandum to Warden Guterrez explaining that he had revoked plaintiff's craft shop privileges because plaintiff had attempted to send out items that he had not made himself. He also explained that plaintiff had received two minor cases in the last year.

Plaintiff alleges that "both disciplinary cases were given [by Hackman] in retaliation for [plaintiff] exercising his right to file a grievance and a civil rights law suit." (D.E. 1, at 4). He also claims that, as a result of his craft shop privileges being revoked, he has lost approximately $8,000 in materials and tools. He seeks injunctive relief to have his craft shop privileges reinstated; $8,000 in compensatory damages; punitive damages; and a declaration that Officer Hackman violated his constitutional rights.

### III.  DISCUSSION

**A.     Legal Standard For A Civil Rights Action Pursuant To 42 U.S.C. § 1983.**

Plaintiff's action may be dismissed for failure to state a claim upon which relief can be granted despite his failure to exhaust administrative remedies.  42 U.S.C. § 1997e(c)(2).  It is well established that "[t]o state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  West v. Atkins, 487 U.S. 42, 48 (1988) (citations omitted); see also Biliski v. Harborth, 55 F.3d 160, 162 (5th Cir. 1995) (per curiam).  An action may be dismissed for failure to state a claim when it is clear that the prisoner can prove no set of facts in support of his claim entitling him to relief.  Oliver v. Scott, 276 F.3d 736, 740 (5th Cir. 2002) (citation omitted).  The complaint must be liberally construed in favor of the prisoner, and the truth of all pleaded facts must be assumed.  Id. (citation omitted).

**B.     Plaintiff's Retaliation Claim Is Retained.**

Plaintiff claims that Officer Hackman had his craft shop privileges terminated in retaliation for plaintiff filing grievances against Officer Hackman in the past, and for proceeding with the previous lawsuit against him.

A prisoner's First Amendment right of access to the courts includes the right to seek redress through an established prison system.  See Jackson v. Cain, 864 F.2d 1235, 1248-49 (5th Cir. 1989).  Prison officials may not retaliate against a prisoner for exercising their right to access the courts or file grievances.  See Woods v. Smith, 60 F.3d 1161, 1164 (5th Cir. 1995).  Because it is well established that prison officials may not retaliate against a prisoner for

exercising the right to file lawsuits and administrative grievances, actions that might not otherwise be offensive to the Constitution can give rise to a constitutional claim if taken in retaliation for the exercise of the protected conduct. Id. at 1165 ("an action motivated by retaliation for the exercise of a constitutionally protected right is actionable, even if the act, when taken for a different reason, might have been legitimate") (citations omitted).

To state a valid § 1983 claim for retaliation, "a prisoner must allege (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation." Jones v. Greninger, 188 F.3d 322, 324-25 (5th Cir. 1999) (per curiam) (citing McDonald v. Stewart, 132 F.3d 225, 231 (5th Cir. 1998). An inmate must allege more than his personal belief that he is the victim of retaliation. Johnson v. Rodriguez, 110 F.3d 299, 310 (5th Cir. 1997) (citation omitted). Mere conclusory allegations of retaliation will not withstand a summary judgment challenge. Woods, 60 F.3d at 1166. The Fifth Circuit has further explained that an "inmate must produce direct evidence of motivation or, the more probable scenario, 'allege a chronology of events from which retaliation may be plausibly inferred.'" Id. (citation omitted).

The Fifth Circuit has explained that "[t]he purpose of allowing inmate retaliation claims under § 1983 is to ensure that prisoners are not unduly discouraged from exercising their constitutional rights." Morris v. Powell, 449 F.3d 682, 686 (5th Cir. 2006) (citing Crawford-El v. Britton, 523 U.S. 574, 588 n.10 (1998)). However, some acts, even though they may be "motivated by retaliatory intent, are so *de minimis* that they would not deter the ordinary person from further exercise of his rights." Id. "Such acts do not rise to the level of constitutional violations and cannot form the basis of a § 1983 claim." Id. For example, a job transfer from the

commissary to the kitchen might be *de minimis*, while a transfer to a more dangerous unit might constitute an adverse retaliatory act. Id. at 687.

Thus, to prevail on his retaliation claim against defendant, plaintiff must establish that: (1) Officer Hackman had retaliatory intent based on plaintiff exercising his First Amendment right of access to the courts; (2) the retaliatory act, here expelling him from the craft shop, was more than inconsequential or *de minimis*, and was capable of deterring a person of ordinary firmness from further exercising his constitutional rights; and, (3) but for the retaliatory motive, the adverse action would not have occurred. McDonald, 132 F.3d at 231.

For purposes of § 1915A, plaintiff has adequately set forth allegations that, if true, establish a chronology of events to support his claim of retaliation against Officer Hackman. Indeed, in the first lawsuit, the jury found Officer Hackman's action in regards to plaintiff to be unreasonable. Plaintiff was banned from the craft shop after filing his first lawsuit against Officer Hackman. Moreover, based on plaintiff's testimony, it is apparent that the injury suffered by plaintiff is clearly more than *de minimis*. The craft shop not only allowed plaintiff to make items that could be sold for income, but provided him with a daily purpose and creative outlet. Accordingly, plaintiff's retaliation claim against Officer Hackman in his individual capacity is retained,[3] and service shall be ordered.

C.     **Plaintiff's Loss Of Property Claim Is Dismissed For Failure To State A Claim.**

Plaintiff claims that he has lost $8,000 worth of materials and tools. He seeks damages for this loss.

---

[3] To the extent plaintiff may have sued Officer Hackman in his official capacity, such a claim is against the State itself, and is barred by the Eleventh Amendment. See Oliver v. Scott, 276 F.3d 736, 742 (5th Cir. 2002) ("the Eleventh Amendment bars recovering § 1983 money damages from TDCJ officers in their official capacities").

An adequate post-deprivation remedy for deprivation of property under color of law eliminates any due process claim pursuant to § 1983, regardless of whether the deprivation is negligent or intentional. See Parratt v. Taylor, 451 U.S. 527, 543 (1981); Hudson v. Palmer, 468 U.S. 517, 534-35 (1984). Under the Parratt/Hudson doctrine, a district court may dismiss a loss of property claim and require the plaintiff to pursue state remedies. A plaintiff may then pursue a claim pursuant to § 1983 only after those remedies are denied on grounds other than the merits of the claim. See Thompson v. Steele, 709 F.2d 381, 383 (5th Cir. 1983) (citation omitted). The burden is on the inmate to show that the post-deprivation remedy is inadequate. See Myers v. Klevenhagan, 97 F.3d 91, 94 (5th Cir. 1996).

Texas law allows recovery of monetary damages for loss of property that has been taken without authorization. See Murphy v. Collins, 26 F.3d 541, 543 (5th Cir. 1994) ("the tort of conversion fulfills this requirement"); see also Beam v. Voss, 568 S.W.2d 413, 420-21 (Tex. Civ. App. 1978) (conversion is "[t]he unauthorized and unlawful assumption and exercise of dominion and control over the personal property of another, to the exclusion of, or inconsistent with the owner's rights").

At the Spears hearing, plaintiff admitted that he had not sought return of the property through the administrative process or in a state law conversion action. Thus, at this point, plaintiff's claim of loss of property fails to state a cognizable constitutional violation, and it is therefore dismissed.

## IV.  CONCLUSION

Accordingly, it is therefore ORDERED that:

(1)  Plaintiff's retaliation claim against Officer Hackman in his individual capacity is retained, and service shall be ordered; and

(2)  Plaintiff's loss of property claim is dismissed for failure to state a claim.

ORDERED this 20th day of September 2012.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE